| | |
|---|---|
| DISTRICT COURT<br>DENVER COUNTY, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202<br><br>**PLAINTIFF:** JASON GANN on his own behalf and on behalf of all others similarly situated,<br><br>v.<br><br>**DEFENDANT:** GARDA CL NORTHWEST d/b/a GARDAWORLD. | DATE FILED: June 28, 2021 2:49 PM<br>FILING ID: 1C3B6493B3C7B<br>CASE NUMBER: 2021CV32019<br><br><br><br>☐     COURT USE ONLY     ☐ |
| Attorney for Plaintiff:<br>Brandt Milstein, Atty. Reg. # 42866<br>MILSTEIN TURNER, PLLC<br>2400 Broadway, Suite B<br>Boulder, CO 80304<br>303.440.8780<br>brandt@milsteinturner.com | Case Number:<br><br><br><br><br><br>Ctrm/Div: |
| **CLASS ACTION COMPLAINT FOR UNPAID WAGES** | |

Plaintiff, by and through undersigned counsel, on his own behalf and on behalf of all others similarly situated, files this Class Action Complaint for Unpaid Wages against the above-named Defendant to recover unpaid overtime wages.

## STATEMENT OF THE CASE

1. Plaintiff and those similarly situated are or were employed by Defendant as hourly local drivers and messengers in Defendant's armored car security services business.

2. Defendant refused to pay Plaintiff and those similarly situated overtime wages for hours worked between 40 and 50 each workweek and for hours worked beyond 12 each workday.

3. Defendants thus violated the Colorado Minimum Wages of Workers Act (the "CMWWA") C.R.S. § 8-6-101 *et seq.* as implemented by the Colorado Minimum Wage Order (the "MWO") 7 CCR 1103-1 and the Colorado Overtime and Minimum Pay Standards Order (the "COMPS") 7 CCR 1103-1 (2020).

4. Defendants violated the CMWWA, as implemented by the MWO and the COMPS,

**EXHIBIT A**

because that Act requires employers to pay their employees time and one-half their regular rate of pay for each hour worked beyond 40 each workweek and for each hour worked beyond 12 each workday. 7 CCR 1103-1(4); 7 CCR 1103-1(4.1.1) (2020).

5. Plaintiff seeks, on his own behalf and on behalf of all others similarly situated, actual damages, attorney fees and costs for Defendant's violations of its employees' right to be paid overtime wages for overtime hours worked.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Jason Gann has been employed by Defendant as driver/messenger since approximately April 12, 2015.

7. Defendant Garda CL Northwest d/b/a GardaWorld is a foreign corporation with a principal office street address of 2000 NW Corporate Blvd., Boca Raton, FL 33431.

8. This Court has jurisdiction over Defendant pursuant to C.R.S. § 13-1-124 because Defendant transacts business in this state.

9. This Court has jurisdiction over the subject matter of this action pursuant to C.R.S. § 8-6-118, 7 CCR 1103-1(18) and 7 CCR 1103-1(8.1(A) (2020)).

10. Venue in this Court is proper pursuant to Colo. R. Civ. P. 98 because Defendant is a nonresident of Colorado and Denver County is designated in this Complaint.

## FACTUAL ALLEGATIONS

11. Defendant employed Plaintiff and those similarly situated as local drivers and messengers tasked with picking up and delivering currency, coin and valuables for Defendant's clientele.

12. Though Plaintiff and others worked more than 40 hours per week, and more than 12 hours per day, Defendant only paid overtime rates for hours worked over 50 each workweek.

13. For example, during the two-week pay period paid on September 11, 2020, Plaintiff worked 11.88 overtime hours that Defendant compensated at his regular hourly rate of $14.85. During the two-week pay period paid on October 9, 2020, Plaintiff worked 6.87 overtime hours that Defendant compensated at his regular hourly rate of $14.85. And during the two-week pay period paid on September 20, 2020, Plaintiff worked 10 overtime hours that Defendant compensated at his regular hourly rate of $14.85.

14. Defendant subjected all its Colorado drivers and messenger employees to the same policy and practice of avoidance of overtime premium payments.

15. Plaintiff and those similarly situated were not exempt from the protections of the MWO or the COMPS because they did not cross state lines in the course of their work.

16. At all times relevant to this action, Defendant employed persons, including Plaintiff and the Members of the Class he seeks to represent, within the State of Colorado.

17. At all times relevant to this action, Plaintiff and all others similarly situated performed labor for the benefit of Defendant wherein Defendant commanded when, where, and how much labor Plaintiff and others were to perform.

18. At all times relevant to this action, Defendant engaged in a business that sold a service (cash and valuables pickup and delivery) to the consuming public and generated more than 50% of its annual dollar volume of business from such sales.

19. At all times relevant to this action, Defendant engaged in providing pickup and delivery services to other commercial firms through the use of service employees.

## RULE 23 CLASS ALLEGATIONS

20. Plaintiff asserts his First Claim, brought under the CMWA, as implemented by the MWO and the COMPS, as a C.R.C.P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

21. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the Class as follows:

> All drivers and messengers who worked on or after June 28, 2015 who Garda failed to pay overtime wages for overtime hours worked between 40 and 50 hours each workweek and beyond 12 each workday.

22. This action is properly brought as a class action for the following reasons.

23. All Defendant's driver and messenger employees were subject to Defendant's common policy of refusing to pay overtime wages.

24. The class is so numerous that joinder of all the potential Class Members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendant. However, Plaintiff believes and alleges that the number of Class Members is in the 150-200 persons range. Membership in the class is readily ascertainable from Defendant's employment records.

25. Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include whether Defendant failed to pay its driver employees overtime wages for hours worked between 40 and 50 each workweek and beyond 12 each workday and whether the Members of the Class crossed state lines in the course of their work.

26. The claim asserted by Plaintiff is typical of the claims of all of the Class Members. This is an uncomplicated case of an employer choosing not to pay overtime premiums to non-exempt driver employees. The claims at issue arise from a policy applicable to all Members of the Class. Each Member of the Class suffered the same violations that Plaintiff challenges with his claim. If Defendant's policy of refusing to pay overtime wages was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent Members of the putative Class.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

28. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendant, the interests of absent Class Members are coincident with, and not antagonistic to, those of the representative Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

29. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

30. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

31. Those Class Members who worked for Defendant for short periods of time have small claims that they are unlikely to bring individually. All Members of the Class have claims that are factually very similar and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the CMWWA counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

32. Plaintiff is unaware of any Members of the putative Class who are interested in presenting their claims in a separate action.

33. Plaintiff is aware of no pending litigation commenced by Members of the Class concerning the instant controversy.

34. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

35. The contours of the Class will be easily defined by reference to payroll documents that Defendant was legally required to create and maintain. 7 CCR 1103-1 at 12; 7 CCR 1102-1 (2020) at 7.1. Notice will be easily distributed because all Members of the putative Class are or were recently employed by Defendant and Defendant was required to create and maintain records containing the mailing addresses of each Class Member.

**EXHIBIT A**

## FIRST CLAIM
### Violation of the CMWWA (C.R.S. §§ 8-6-101 *et seq.*) as implemented by the MWO (7 CCR 1103-1) and the COMPS (7 CCR 1103-1 (2020))

36. Plaintiff repeats and re-alleges each of the allegations above as if fully set forth herein.

37. Defendant was Plaintiff's and the Class's "employer" as that term is defined by the MWO and the COMPS because it employed Plaintiff and the Class in Colorado. 7 CCR 1103-1(2); 7 CCR 1103-1 (1.6) (2020).

38. Plaintiff and the Class were Defendant's "employees" as that term is defined by the MWO and the COMPS because they performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2); 7 CCR 1103-1 (1.5) (2020).

39. Defendant employed Plaintiff and the Class in a business that sold a service (cash and valuables pickup and delivery services) to the consuming public and generated more than 50% of its annual dollar volume of business from such sales. 7 C.C.R. 1103-1(2)(A).

40. Defendant employed Plaintiff and the Class in business or enterprise engaged directly in providing cash and valuables pickup and delivery services to other commercial firms through the use of service employees, and therefore in an industry regulated by the MWO. 7 C.C.R. 1103-1(2)(B).

41. Defendant violated the MWO and the COMPS when it failed to pay Plaintiff and the Class overtime premiums for hours worked between 40 and 50 in each given workweek and/or beyond 12 in each given workday. 7 CCR 1103-1(4); 7 CCR 1103-1(4.1.1) (2020).

42. As a result, Plaintiff and the Class have suffered lost wages and lost use of those wages in an amount to be determined at trial.

43. Plaintiff and the Class are entitled to recover in a civil action wages owed to them, together with attorney fees and costs of suit. C.R.S. § 8-6-118; 7 C.C.R. 1103-1(18); 7 C.C.R. 1103-1 (2020) (8.1(A)).

**WHEREFORE**, Plaintiff prays that:

As to his FIRST CLAIM brought pursuant to the MWO and the COMPS, Plaintiff respectfully requests an Order from the Court that:

    a. This action be certified as a class action pursuant to C.R.C.P. 23;

    b. Plaintiff be certified as the class representative of the Class;

**EXHIBIT A**

    c. Undersigned counsel be appointed Class Counsel;

    d. Prompt notice of this litigation be sent to all potential Class Members;

    e. Plaintiff and the Class be awarded the wages they are due, together with attorney fees and costs of suit. C.R.S. § 8-6-118; 7 CCR 1103-1(18); 7 C.C.R. 1103-1 (2020) (8.1(A));

    f. Plaintiff be awarded a service award in recognition of his work as representative of the Class;

    g. Plaintiff and the Class be awarded such other and further relief as may be necessary and appropriate.

*s/ Brandt Milstein*
<u>Signed original on file and available for inspection at:</u>
MILSTEIN TURNER, PLLC
2400 Broadway, Suite B
Boulder, CO 80304
303.440.8780
brandt@milsteinturner.com

*Attorney for Plaintiff*

<u>Plaintiff's Address:</u>

3354 Queen Anne Way
Colo. Spgs., CO 80917

**EXHIBIT A**